Luis Salinas

PO Box 8515

Omaha, NE, 68108

09/20/2023

V.

Department
of
Labor
OSHA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 SEP 20 PM 2:38

OFFICE OF THE CLERK

8: 23cv 413

For Expedited Consideration of the Magistrate & Judges of Roman L. Hruska Federal Courthouse

111 S. 18th Plaza

Omaha, NE, 68102

**RECEIVED**

SEP 2 0 2023

CLERK
U.S. DISTRICT COURT

## PLEADING FOR (PRELIMINARY) INJUNCTIVE RELIEF

{Urgent & Time-Sensitive.}

{Respectfully Requested to be Filed & Ruled By 09/25/2023, or the earliest date possible, due to Prejudicial Actions of Defendant.}

I write to the Honorable Court with an urgent and time-sensitive request for injunctive relief, invoking the powers vested in the judiciary to address a matter of grave concern. This request is made in my capacity as both the Complainant and Plaintiff, Mr. Luis Salinas, in response to recent actions by the Occupational Safety & Health Administration (OSHA) that raise serious concerns regarding my due process rights and public safety. The purpose of this correspondence is to seek the Court's intervention in response to a series of actions, or rather inactions, by the Occupational Safety & Health Administration (OSHA) that appear to obstruct the due process of several active OSHA complaints, & therein cause irreparable harm by jeopardizing the public safety, as well as by normalizing the

*Luis Salinas Pleading for (Preliminary) Injunctive Relief against Occupational Safety & Health Administration*

Page **1** of **15**

deprivation of rights against complainants, & those they advocate for the safety of.

## BACKGROUND SUMMARY

On September 11th of 2023, the OSHA Regional Investigator Nicholas Thomas sent correspondence to the Complainant Luis Salinas in regard to complaints 58753, 58756, ECN101130, & ECN100151 stating that they had been administratively closed for alleged lack of response & lack of cooperation.

The statements made by Nicholas Thomas on September 11th of 2023 were patently false, and would seem to be prima facie instances of administrative stonewalling & non-compliance to the deprivation of rights of the Complainant, due to the abundance of evidence that contact was undeniably made.

On September 8th of 2023, OSHA Regional Federal Investigator Nicholas Thomas at 10:39am called the Complainant from the general regional office number (972) 850-4199, and left a voice message. On that voice message OSHA Regional Federal Investigator Nicholas Thomas stated to call back at (972) 850-4186. Likewise, OSHA Regional Federal Investigator Nicholas Thomas sent an email to the Complainant's email address at 10:47 AM, also asking for contact to be made within the day in order to demonstrate cooperation for the complaint and continue the investigation.

In response to the Regional Investigator's request, the Complainant sent an email on the same day at 2:31pm stating he was interested, wished to cooperate, & was available to talk. The Complainant then called OSHA Regional Federal Investigator Nicholas Thomas at least 7 times within the workday of 09/08/2023, as shown in the memoranda, with no response and left more than one message in his

voicemail. The Complainant also made attempts to contact by calling some other OSHA numbers, however for the sake of brevity in filing, further detail will not be expanded upon. On September 8th, the Complainant also responded with 4 more emails stating that he was available, and had recently called as can be seen in the attached memorandum.

The Complainant did not receive any response over the phone or email from the OSHA Regional Federal Investigator on September 8th of 2023, but given that it was a Friday, the Complainant was hopeful he would be contacted on Monday of September 11th of 2023 to begin the investigation, as would be reasonable to expect in any normative process.

On September 11th of 2023 the Complainant called the OSHA Regional Federal Investigator again and left a message. The Complainant did same and sent follow up email from Monday onwards, until he received the September 11th mail correspondence stating that the investigations had been closed due the pretext of lack of response from the Complainant. Clearly as shown in the attached memoranda the Complainant called many times & sent multiple email responses.

It is for this reason that it has become necessary to file a Pleading for Injunctive Relief against the Occupational Safety & Health Administration in order to cease this administrative stonewalling, & unlawful refusal to process lawful complaints indicative of malfeasance as well as deprivation of rights.

**GROUNDS FOR RELIEF**

The records attached in the memoranda clearly indicate that the singular attempts (one phone call & one

email) made by OSHA on September 8th of 2023 to communicate, were reciprocated severalfold by the Complainant. Any claims by OSHA that this complaint was to be closed due to lack of cooperation would constitute a false statement before the public & the tribunal which could be easily dispelled by subpoena. Both Gmail & phone records are easily accessible for subpoena and therefore the calculus behind proclaiming such vapid falsehoods remains entirely unclear, but is certainly quite below the expectations of professional conduct of the offices from which it has derived.

What is clear is that OSHA's demonstrable malfeasance in refusal to process these complaints & the pretext it has or may further put forward for not doing so constitutes a grave threat to the public well-being.

OSHA is tasked under the OSH Act with seeing to the safety of workers across the country & was established due to the importance of such purpose. Should OSHA be allowed to stonewall potential complaints on totally capricious & pretextual whims; it puts workers across the country at risk. Indeed, the entire existence of OSHA & authorization for its budget, is based on the very argument that the inability for workers to report safety complaints & occurrences to have them investigated & documented, constituted a threat at the national scale.

If OSHA should allege that somehow "the phone calls did not go through" for a phone number it just left a voice message on itself, then faulty phone systems of OSHA pose an equally great risk wherein they are duty bound to respond to safety issues & be available for the public. Even in that pretext, it would be OSHA's responsibility to make sure their phone service was functional to a requisite level to handle necessary safety services, which even extend to fatalities, & therefore worthy of injunction to

resolve.

Should OSHA allege that the "email did not go through" from the email addresses that they themselves corresponded with on September 8th of 2023 from their own server, then workers across the country would be at risk at large due to OSHA's phantom IT problems. Even in that pretext, it would be OSHA's responsibility to make sure their IT communication infrastructure was functional to a requisite level to handle necessary safety services, which even extend to fatalities, & therefore worthy of injunction to resolve.

Lastly, should OSHA allege (in pretext) that they had some sort of 'virus' or 'intruder' or 'error' that caused these communications to not get through, somehow be lost, absconded with, or confused with another. Likewise, even under that pretext, it would be OSHA's responsibility to make sure that their security & assurance protocols were functional in order to provide safety services, which even extend to fatilities & therefore worthy of injunction to resolve.

There is thus no pretext that OSHA can use to cover for its behavior to an extent that would nullify the need for an injunction at this point. The Plaintiff is adamant and certain that OSHA is stonewalling, but any pretext given by OSHA only has the tendency to worsen the situation. This is due to the fact that any such pretextual claims by OSHA raise concerns about the functionality of OSHA's critical communication systems, governance, & infrastructure. Therefore, an injunction remains the only option to resolution of this situation.

The Plaintiff understands that a Pleading for Injunctive Relief is considered a last resort measure, but

there is no other remedy for OSHA's behavior in this instance, especially with allegedly inflexible 30-day window & irreversible closures being alleged by the malfeasant. Simply sending certified mail to the OSHA Regional Investigator Nicholas Thomas would not resolve this matter as the Regional Investigator has already ignored two forms of communications where there is also permanent record, email (via Gmail) & phone call; so what likelihood is there that the OSHA Regional Investigator Nicholas Thomas would not make false statement that mail also was not received? If such a thing is wagered, then should OSHA Regional Investigator not do so, then the alleged timelines towards irreversible closure will have elapsed. This cannot be risked, and there is no basis for such trust, for as the well-known American aphorism goes, "fool me once shame on you, fool me twice, shame on me."

The concerns brought forth by the Complainant to OSHA elaborated real threats to safety & are matters in need of legitimate investigation. Despite the gravity of this situation", out of respect for the investigative process, especially as contemplated in Section 9 of the OSH Act, measures are here taken to not mention the name of the Company upon whom the complaint was made, nor to expand into any further details at this time. However, the seriousness of the matter which OSHA Regional Investigator Nicholas Thomas is actively stonewalling can be seen in the excerpts below.

Excerpt 1:

*"Hydraulic die cast furnaces have blown up & rained hot aluminum across factory putting workers at risk. Deficient LOTO practice also makes major risk for those near-to or working on if blows. Machines have problems with alignment that appear to have been caused by faulty install of pressure switch due*

*to spruce valves bent in with hammers."*

Excerpt 2:

*"29 CFR 110.147 not implemented, and when implemented; not done properly. Requests concerning LOTO have been ignored, misinformed, or retaliated against. LOTO materials stated unavailable (incl. locks). Upon escalation, Company has engaged in various forms of pretext around LOTO, instead of just providing LOTO for use."*

As can be seen, these statements are neither sophomoric nor platitudes but instead, invoke precise statutes & specific situations with implications of immediate danger in need of safety oersight. Likewise, the Complainant has video evidence to share with the OSHA Regional Investigator that is not being acted upon, or reviewed which would greatly inform the situation, because the OSHA Regional Investigator is simply stonewalling any investigation. By all indications, it seems that the OSHA Regional Investigator Nicholas Thomas simply does not care how dangerous the situation may be, as he simply does not wish to investigate. That is at least malfeasance, if not something much more.

Wherein, in the OSHA Regional Investigator's malfeasant closing letter states the complaints "cannot be reopened", & presumes "concurrence" from the Complainant in "administratively closing" where there is none, the Court's intervention is absolutely required.

It is a matter of incontrovertible fact that Complainant already has reached out multiple times in communication, so unless the Court will compel OSHA to cease & desist from "pretending" that earnest

attempts at communication did not occur: irreparable harm will occur due to proper processing & investigation of these safety issues never occurring. The implications of which cannot be predicted, but it must be stated that the foreboding implications of safety issues not being investigated were the cause of the establishment of OSHA in the first place. Therefore, it is the adamant position of the Plaintiff that this unlawful behavior must stop immediately, and the Plaintiff entreats that the Court may see it as so.

On a large scale, OSHA's actions necessitate the Court's intervention to ensure the integrity of the complaint process at large, in order to safeguard public safety, and not just protect Mr. Salinas' rights, but that of all active & would-be complainants. The records attached in the memoranda clearly demonstrate that, at least one complainant Mr. Salinas, made significant efforts to communicate, which were not only disregarded, but met with what can only be described as cynicism & contempt in the brazen disregard shown by the Regional Investigator against OSHA's statutory duties & the due process. OSHA's behavior can only be described as incredulizing. If OSHA is engaging in this sort of stonewalling on a mass scale, then the Department of Labor's agency is causing irreparable harm to the multitudes.

## (PRELIMINARY) INJUNCTIVE RELIEF SOUGHT

It is for all of these reasons, that it is respectfully requested that the Court issue an injunction against the Occupational Safety & Health Administration, with the following provisions:

(1) OSHA must cease & desist from stating falsehoods to or about the Complainant, especially that he did not respond or cooperate with regard to 58753, 58756, ECN101130, & ECN100151.

(2) OSHA will cease any efforts to close, or reverse any closures it has made for complaints 58753, 58756, ECN101130, ECN100151, & any other related complaint.

(3) OSHA must properly process & investigate the complaints put forward by Complainant Mr. Salinas and cease & desist from any further stonewalling or malfeasance in such.

(4) OSHA must neither retaliate against Complainant Mr. Salinas for making this filing with the Court, nor for virtue of his disability, nor for any other reason.

(5) OSHA must communicate & respond to Mr. Salinas over his email & by phone going forward in the further of his complaints.

(6) OSHA must correspond by mail with Mr. Salinas at no address other than PO Box 8515, Omaha, NE, 68108, until informed to do otherwise by Mr. Salinas or his Attorney.

(7) OSHA will cease & desist from engaging in any practice it has of denying contact made by Complainants in order to close complaints.

**(x) Any other relief that the Court feels is appropriate, especially if this litigation should have to continue, with a respectful request & suggestion that OSHA must be compelled to release relevant email records, mail, and phone records connected with 58753, 58756, ECN101130, & ECN100151, as well as other non-complaint specific if there is any mass-scale discrepancy between call-outs, call-backs, &

closures; or, if this is is unique to Mr. Salinas' complaint.

It is the Plaintiff's earnest belief that these requests are reasonable and consistent with the law, including but not limited the upholding of the OSH Act, & the cessation/avoidance of violation of the APA, ADA, Rehabilitation Act of 1973, OPEN Government Act, Civil Rights Act of 1964, & 18 U.S.C. § 218 et 242.

The Plaintiff therefore files this Pleading for Injunctive Relief in the Roman L. Hruska Federal Courthouse at 111 S. 18th Plaza, Omaha, Ne, 68102 *in forma pauperis* as himself without Attorney. The Plaintiff humbly and respectfully requests this Court to handle his pleading with urgency & time sensitivity so that it may rule on an injunction by September 25th of 2023, if not September 22nd of 2023, or otherwise as soon as the Court is able, in order to cease irreparable harm, & uphold he rule of law. Such urgency is compelled by the statements of OSHA Regional Investigator Nicholas Thomas of imminent closure, invoking 30 day timelines, all while clearly trying to exploit any angle to undermine the Complainant's right to due process, and the public's right to safety investigation; in order to affect a closure outcome as soon as possible without regard for fact, reason, or duty.

## EXHAUSTION OF REMEDIES & REASONABLE EFFORTS
## BY PLAINTIFF IN PROCEEDING UP TO THE CURRENT DATE

A Pleading for Injunctive Relief is considered an extraordinary means to be used in extraordinary circumstances, where other efforts to preserve rights have been exhausted or are no longer available. This would be such a circumstance. Wherein OSHA refuses all reasonable attempts to communicate, & makes false statements otherwise, no alternative method can be achieved, especially not within the

time-limits. The Plaintiff has even left messages on other offices of OSHA to mitigate this but to no response. Neither the APA nor a hearing subsequent to the closing of these complaints in an ALJ could preserve the imperative of safety & retaliation investigations in any reasonable time period, and would not prevent the potential harm at play to not investigate valid claims. Indeed, such proceedings would span up to a year if not more with investigation never occurring, and thus safety & the right of those who advocate it; not being preserved. Likewise, such proceedings burden the Court, wherein they were intended to be handled in Administrative Law. Wherein the 1st rule of the Court holds the maxim that the procedures of the Court need not solely be "just" & "speedy", but also "inexpensive." In this case, compelling OSHA to act on its statutory duties, & make good on its mandated administrative process, where it is currently malfeasant will certainly be the most "inexpensive" & "speedy" option as any other will be backlogged in the Court for years.

Likewise in light of the memoranda provided, whereas it is evident that the Plaintiff did communicate and cooperate with OSHA, only to be denied with false statement from OSHA Regional Investigator: the allowance for an injunction can only be considered "just". That is further emphasized due the the fact that when submitting a form OSHA inserts a disclaimer against 'unlawful' (false) statements to which criminal penalty is possible upon the submitter. It would thus only be appropriate that if OSHA responds to bonafide complaints with its own false statements, that while the public may not be able to hold OSHA accountable to a criminal penalty; there should at least be some sort of relief, even if only equitable.

The Complainant was conservative in his September 1st & 2nd, limiting his complaints to only the most discrete & precise statutory violations, and excluding some that also had importance in order to

streamline the matter for OSHA's processing. Even after Complainant limited himself to engaging in

very precise and pinpoint statutory filings, despite being under no obligation to solely do so, OSHA still

did not process these complaints lawfully; & instead willfully worked to undermine them. Therefore,

after witnessing the malfeasance of OSHA in the face of reasonableness, the Complainant will not be

limiting himself further in this matter, as doing so has proven not to uphold the imperative of public

safety. Instead, the Complainant will now be fully exercising his rights in order to preserve and work

towards the public safety, & exceed OSHA's attempts to undermine it.


It is reiterated & acknowledged that seeking injunctive relief is considered an extraordinary measure.

However, in this instance, it is the only resource available to rectify OSHA's extraordinary behavior. All

other options for resolution appear to be exhausted within the imposed time limits. The urgency of this

matter stems from the potential consequences of not investigating valid claims related to safety and

retaliation that OSHA has brought upon itself, and thus the Plaintiff beseeches the Court to grant an

injunction, at least of a temporary sort.


## CONCLUSION, HOPE FOR NON-LITIGIOUS RESOLUTION, & OTHER CONCERNS


In closing, the Plaintiff seeks a fair and expeditious resolution to this matter. He sincerely hopes that

efforts, statements, and possibly a sworn affidavit from OSHA reproaching these unlawful behaviors,

may lead to a rapid settlement of this injunction, should OSHA cease its current behavior. However,

given the gravity of the situation and OSHA's continued denials, such an outcome appears unlikely at

this time. Should OSHA fulfill its statutory duties & cease from the unlawful stonewalling, the Plaintiff

may also consider participating in a Motion to Seal once fulfilled, as it may be considered beneficial by

OSHA in regard to reputational standing. Although, not engaging in unlawful behavior would probably be a better way to preserve the reputation of an organization, & that fact must be considered should a Motion to Seal ever be considered in the future.

Additionally, the Plaintiff harbors concerns that OSHA's recent actions may be retaliatory in nature, potentially due to his prior involvement in Freedom of Information Act (FOIA) requests that led to reporting misconduct to the OLRFI law enforcement agency of the Department of Labor. The Plaintiff will refrain from expanding upon that sensitive matter at this time, so as not to distract from the discrete issue at hand. However, should OSHA continue its incredulous behavior the Plaintiff will be bringing that matter forward both before the Department of Justice – Office of Special Counsel & before the tribunal as appropriate.

The only comment to be made for the Court's consideration of a potential retaliatory nexus in OSHA's actions at this time, is that for as anecdotal and potentially astounding as Plaintiff's assertions of bias, reprisal, or political persecution may sound without context or evidence behind it currently. The only thing more astounding than that would be to believe that pretending to not receive phone calls & emails in order to close legitimate complaints is business as usual at OSHA. If that is the case, then Plaintiff respectfully suggests that the Most Honorable Court may consider referring this matter to the Office of Special Counsel of the Department of Justice for gross misconduct & malfeasance effective immediately. The Plaintiff reserves his right to file a complaint on his own based upon OSHA's response to this filing as well.

## CERTIFICATION OF SERVICE

Respectfully submitted to the Roman L. Hruska Federal Courthouse in person on 09/20/2023 by Luis Salinas, as himself.

Plaintiff has certified service of this Pleading for Injunctive Relief by Certified Mail on 09/20/2023 to OSHA Regional Investigator Nicholas Thomas at US Department of Labor - OSHA, 525 S. Griffin St, Room 602, Dallas, Tx, 75202.

Plaintiff has certified service of this Pleading for Injunctive Relief by Certified Mail on 09/20/2023 to the Department of Justice at 950 Pennsylvania Ave NW, Washington, D.C. 20530 with a copy for the National Office, Office of Special Counsel, & Civil Rights Division.

## REQUEST FOR LENIENCY FOR PLAINTIFF *IN PROPRIA PERSONA ET FORMA PAUPERIS.*

The Plaintiff absolutely thanks the Court for its attention and sincerely hopes that OSHA will modify its behavior so that the Court not be burdened for requests for injunction due to the Department of Labor's unlawful actions.

The Plaintiff respectfully entreats the utmost leniency on how his pleading is construed & read based upon the rules of Court & such case rulings as *Conley v. Gibson, 355 U.S. 41 at 48 (1957); Haines V. Kerner 92 Sct 594, Power 914 F2d 1459 (11th Cir 1990), Hulsey V. Ownes 63 F3d 354 (5th Cir 1995),*

*Hall V. Bellmon 935 F.2d 1106 (10th Cir. 1991), Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Id. at 678 (citing Twombly, 550 U.S. at 555), Estelle v. Gamble, 429 U.S. 97, 106 (1976), & Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).*

The Plaintiff also respectfully thanks the Court for doing this expedited processing and certifies that the Plaintiff truly made every effort as a *Propria Persona* to understand his rights, and arrived at the need for Pleading for Injunctive Relief only after much rumination & consideration. Then, as can be seen in the filing, the Plaintiff has invested substantial efforts in trying to craft a filing that would be acceptable to the Court to the fullness of his abilities, no matter how limited these abilities were, & how great the burden it placed on his person to overcome them in doing so. The Plaintiff thanks the Court for its time, and once again compels leniency in this pleading. The Plaintiff hopes that OSHA will modify its actions so relief such as this is no longer needed now nor in the future.

**U.S. DEPARTMENT OF LABOR**          Occupational Safety and Health Administration
                                      525 S. Griffin Street
                                      Room 602
                                      Dallas, TX 75202
                                      Tel: (972) 850-4148
                                      www.whistleblowers.gov



**VIA UPS tracking # 1ZX10621NY90579629**

September 11, 2023

Luis Salinas
315 Frankford Road
Louisiana, Missouri 63353

Re:  ████████████ /Salinas/301022624

Dear Mr. Salinas:

OSHA received your inquiry about filing a complaint under Section 11(c) of the OSH Act of 1970, 29 U.S.C. §660(c).

Section 11(c) of the OSH Act of 1970, 29 U.S.C. §660(c) protects employees of private sector who complain about safety and/or health at their work place or participate in other endeavors in the furtherance of occupational safety and health and suffer retaliation as a result.

We have attempted to contact you several times to obtain the details of your complaint. You have not responded to our efforts to contact you and so we are administratively closing this complaint. If you wish to pursue your complaint, please contact us within 30 days of your adverse employment action or as soon as possible. Failure to respond within this time may mean that your complaint cannot be reopened.

We regret that we are unable to assist you. However, I appreciate your concurrence in administratively closing this matter.

Sincerely,

*Nicholas Thomas*

Nicholas Thomas
Regional Investigator (RI)

Attachment: OSHA Whistleblower Program Fact Sheet
https://www.osha.gov/pls/publications/publication.athruz?pType=Industry&pID=225



Page **1** of **3**

Memorandum of Proof of Multiple Calls & Voice Messages Left to OSHA Regional Investigator Thomas Nicholas' Phone Number 972-850-4186 by Luis Salinas 09/20/2023



Memorandum of Proof of Multiple Calls & Voice Messages Left to OSHA Regional Investigator Thomas Nicholas' Phone Number 972-850-4186 by Luis Salinas 09/20/2023



Memorandum of Proof of Multiple Calls & Voice Messages Left to OSHA Regional Investigator Thomas Nicholas' Phone Number 972-850-4186 by Luis Salinas 09/20/2023

 **Gmail**

Iron Syndication <ironsyndication@gmail.com>

---

### ▉▉▉▉ Group/Salinas/301022624

---

**Iron Syndication** <ironsyndication@gmail.com>  Wed, Sep 20, 2023 at 8:31 AM
To: "Thomas, Nicholas - OSHA" <Thomas.Nicholas@dol.gov>

Thomas, I called you numerous times in a timely manner, left messages, & sent emails.

I asked you why you are not getting them or otherwise pretending like you did not... and, you have only ignored me.

I implore you to cease & desist from your malfeasance in this matter, or else I regret to state there will be procedural consequences.

Please cease & desist from ignoring my complaints & communications.

Thank you.

On Tue, Sep 12, 2023 at 8:17 AM Iron Syndication <ironsyndication@gmail.com> wrote:

Nicholas, I have called you many times, and left many messages.

How am I supposed to get a hold of you?





On Fri, Sep 8, 2023 at 4:19 PM Iron Syndication <ironsyndication@gmail.com> wrote:
Called again

El vie., 8 de septiembre de 2023 3:18 p. m., Iron Syndication <ironsyndication@gmail.com> escribió:
I called a few more times. Will be waiting for your call.

El vie., 8 de septiembre de 2023 2:34 p. m., Iron Syndication <ironsyndication@gmail.com> escribió:
Just called you back

On Fri, Sep 8, 2023, 2:31 PM Iron Syndication <ironsyndication@gmail.com> wrote:
I am interested. I am just very busy. What number did you call me from?

El vie., 8 de septiembre de 2023 10:47 a. m., Thomas, Nicholas - OSHA <Thomas.Nicholas@dol.gov>
escribió:

Good Afternoon Mr. Salinas

My name is Nicholas Thomas, and I am a Regional Investigator for the Whistleblower Protection Program. I
have

tried contacting you twice and was unable to reach you. Please contact me by the close of business
today,4:30pm.

I do look forward to assisting you further. If I do not hear from you by the close of business today, I will assume you are

no longer interested in pursuing your complaint and the case will be closed for lack of cooperation. Please contact me

as soon as possible regarding your complaint.

Best,

Nicholas Thomas

Regional Federal Investigator

U.S. Department of Labor- OSHA

525 S. Griffin St. Room 602

Dallas, TX 75202

972-850-4186

 **Gmail**                                          Iron Syndication <ironsyndication@gmail.com>

---

## Confirmation: OSHA Online Safety and Health Complaint / Complaint filed on 4-Sep-2023

---

**OSHA-Complaint@osha.gov** <OSHA-Complaint@osha.gov>                    Mon, Sep 4, 2023 at 7:29 PM
To: ironsyndication@gmail.com

Thank you for your submission. Your Safety and Health complaint was received on September 4, 2023 07:28:41 PM US Central Time. Please print or save a copy of this email for your records.

Your reference number is 58753.

An OSHA representative may contact you using the contact information provided in your complaint. It is important that you respond. OSHA may need additional information to proceed with your complaint. If you have any questions regarding the status of your complaint, contact your local OSHA Regional or Area Office at https://www.osha.gov/contactus/bystate.

Note: Do not reply to this email. It was generated by the system and this email account is not monitored.

 **OSHA** Information System    **noname**
9K

 Gmail                                    Iron Syndication <ironsyndication@gmail.com>

## Confirmation: OSHA Online Safety and Health Complaint / Complaint filed on 4-Sep-2023

**OSHA-Complaint@osha.gov** <OSHA-Complaint@osha.gov>                Mon, Sep 4, 2023 at 7:54 PM
To: ironsyndication@gmail.com

Thank you for your submission. Your Safety and Health complaint was received on September 4, 2023 07:50:55 PM US Central Time. Please print or save a copy of this email for your records.

Your reference number is 58756.

An OSHA representative may contact you using the contact information provided in your complaint. It is important that you respond. OSHA may need additional information to proceed with your complaint. If you have any questions regarding the status of your complaint, contact your local OSHA Regional or Area Office at https://www.osha.gov/contactus/bystate.

Note: Do not reply to this email. It was generated by the system and this email account is not monitored.



**noname**
9K

 Gmail

**Iron Syndication <ironsyndication@gmail.com>**

---

## "Confirmation: OSHA Online Whistleblower / Retaliation Complaint filed on 4-Sep-2023

---

**whistleblower-complaint@osha.gov** <whistleblower-complaint@osha.gov>                Mon, Sep 4, 2023 at 8:59 PM
To: ironsyndication@gmail.com

Thank you! As of September 4, 2023 09:57:25 PM US Central Time, you filed a whistleblower retaliation complaint with OSHA using our online filing system. We advise that you print or save a copy of this email for your records.

The reference number for your complaint is ECN100130

An OSHA representative will contact you using the contact information that you provided in your complaint. It is very important that you respond to such contact; OSHA cannot proceed with an investigation until it has discussed this complaint with you.

If you have questions regarding the status of your complaint, please feel free to call your local OSHA Regional or Area Office.

We appreciate the opportunity to be of service of you.

Note: Please do not reply to this email. This is a system generated email and this email account is not monitored.

---

 **OSHA** Information System     **noname** 9K

 Gmail

**Iron Syndication <ironsyndication@gmail.com>**

---

## "Confirmation: OSHA Online Whistleblower / Retaliation Complaint filed on 5-Sep-2023

---

**whistleblower-complaint@osha.gov** <whistleblower-complaint@osha.gov>                 Tue, Sep 5, 2023 at 10:44 AM
To: ironsyndication@gmail.com

Thank you! As of September 5, 2023 11:43:55 AM US Central Time, you filed a whistleblower retaliation complaint with OSHA using our online filing system. We advise that you print or save a copy of this email for your records.

The reference number for your complaint is ECN100151

An OSHA representative will contact you using the contact information that you provided in your complaint. It is very important that you respond to such contact; OSHA cannot proceed with an investigation until it has discussed this complaint with you.

If you have questions regarding the status of your complaint, please feel free to call your local OSHA Regional or Area Office.

We appreciate the opportunity to be of service of you.

Note: Please do not reply to this email. This is a system generated email and this email account is not monitored.

---



**noname**
9K