IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS SALINAS,<br><br>          Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF LABOR OSHA,<br><br>          Defendant. | 8:23CV413<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, filed by Plaintiff Luis Salinas on September 20, 2023.  Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff, a nonprisoner, is financially eligible to proceed in forma pauperis.  The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against the Department of Labor, Occupational Safety and Health Administration ("OSHA") seeking injunctive relief related to OSHA's investigation and processing of certain complaints filed by Plaintiff and requesting that the Court expedite his request for injunctive relief.

Plaintiff filed both safety and health and whistleblower/retaliation complaints with OSHA on or about September 4, 2023.  Filing No. 1 at 24–27.  On Friday, September 8, 2023, OSHA Regional Federal Investigator Nicholas Thomas ("Thomas") called Plaintiff at 10:39 a.m. and left a voice message asking Plaintiff to call Thomas back at the phone number Thomas provided.  *Id.* at 2.  Thomas also sent Plaintiff an e-mail at 10:47 a.m.

on September 8, 2023, asking Plaintiff to contact Thomas "within the day in order to demonstrate cooperation for the complaint and continue the investigation." *Id*. Plaintiff sent an e-mail in reply to Thomas that same day "stating he was interested, wished to cooperate, [and] was available to talk." *Id*. Plaintiff then called Thomas "at least 7 times within the workday" of September 8, 2023, but received no response and left more than one voice message for Thomas. *Id*. at 2–3. Plaintiff also attempted to make contact by calling other OSHA numbers and sending four more e-mails stating that Plaintiff was available and had recently called. *Id*. at 3. Plaintiff continued his efforts to contact Thomas on Monday, September 11, 2023, without success. *Id*. Plaintiff attached to his Complaint copies of e-mails and screen shots of his call history showing his efforts to contact Thomas. *Id*. at 17–23.

On September 11, 2023, Thomas sent correspondence to Plaintiff stating that "OSHA received [Plaintiff's] inquiry about filing a complaint under Section 11(c) of the OSH Act of 1970, 29 U.S.C. §660(c)," but because Plaintiff had not responded to OSHA's efforts to contact him, OSHA administratively closed Plaintiff's complaint. *Id*. at 2, 16. Thomas' correspondence goes on to state, "If you wish to pursue your complaint, please contact us within 30 days of your adverse employment action or as soon as possible. Failure to respond within this time may mean that your complaint cannot be reopened." *Id*. at 16.

Plaintiff disputes OSHA's decision to administratively close his complaints as the reason given—Plaintiff's lack of communication—is false and pretextual. Plaintiff declines to provide details regarding the subject of his complaints as it is of a sensitive nature, but he indicates the complaints to OSHA "elaborated real threats to safety [and]

2

are matters in need of legitimate investigation." Id. at 6. Thus, Plaintiff alleges OSHA's failure to investigate based on its false claims that Plaintiff did not communicate or cooperate presents a risk of irreparable harm "due to proper processing [and] investigation of these safety issues never occurring." Id. at 8. Plaintiff seeks preliminary injunctive relief requiring OSHA to cease and desist from falsely stating that Plaintiff did not respond or cooperate with regard to his complaints; (2) cease its efforts to close Plaintiff's complaints; (3) properly process and investigate Plaintiff's complaints; (4) not retaliate against Plaintiff by virtue of this suit, his disability, nor any other reason; (5) communicate with and respond to Plaintiff over e-mail, by phone, and by correspondence at Plaintiff's address specified in the Complaint; and (6) "cease [and] desist from engaging in any practice [OSHA] has of denying contact made by Complainants in order to close complaints." Id. at 8–9.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff sues OSHA seeking injunctive relief regarding OSHA's failure to investigate Plaintiff's complaints. Because Plaintiff has sued OSHA, a federal agency, the Court must first determine whether it has jurisdiction to consider Plaintiff's claims or if sovereign immunity bars such consideration.

The doctrine of sovereign immunity provides that the Federal Government and its agencies are immune from suit absent an express waiver by Congress. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411–12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the Court lacks jurisdiction to entertain the offending suit.

*See, e.g.*, *F.D.I.C.*, 510 U.S. at 475; *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "The plaintiff has the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *Middlebrooks v. United States*, 8 F. Supp. 3d 1169, 1174 (D.S.D. 2014) (citing *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir.2000)).

Liberally construed, Plaintiff alleges that OSHA's decision to administratively close his complaints without investigating them violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. Filing No. 1 at 10. "The APA waives sovereign immunity for actions against the United States for review of administrative actions that do not seek money damages and provides for judicial review in the federal district courts." *Middlebrooks*, 8 F. Supp. 3d at 1174. "The APA empowers reviewing courts to compel agency action 'unlawfully withheld or unreasonably delayed[.]'" *Lauzara v. Directorate of Whistleblower Prot. Programs (OSHA)*, No. 3:21-CV-179, 2023 WL 3646683, at *9 (W.D. Pa. Mar. 21, 2023) (quoting 5 U.S.C. § 706(1)). Here, Plaintiff's claims appear to fall under 5 U.S.C. § 704, permitting judicial review of a "final agency action for which there is no other adequate remedy in a court."

"Two conditions must be satisfied for an agency action to be 'final': First, the action must mark the 'consummation of the agency's decisionmaking process.' . . . Second, 'the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. United States Corps of Engineers*, 888 F.3d 906, 915 (8th Cir. 2018) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotation marks omitted)). Furthermore, "[t]o obtain relief under the APA, a plaintiff must show that the

5

challenged agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Middlebrooks*, 8 F. Supp. 3d at 1178 (citing 5 U.S.C. § 706).

In his Complaint, Plaintiff alleges that OSHA's decision to administratively close his complaints based on his alleged lack of communication and cooperation was incorrect as he repeatedly tried to contact OSHA and Thomas by phone and e-mail before the end of the day on September 8, 2023, and the following business days. Assuming Plaintiff's allegations to be true, Plaintiff has alleged that OSHA's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. However, liberally construing the Complaint, Plaintiff's allegations fail to show that OSHA's action was final and that it finally determined Plaintiff's rights and obligations.

The September 11, 2023 letter from OSHA informing Plaintiff that his complaints had been administratively closed expressly informed Plaintiff that "[i]f you wish to pursue your complaint, please contact us within 30 days of your adverse employment action or as soon as possible. Failure to respond within this time may mean that your complaint cannot be reopened." Filing No. 1 at 16. This language expressly leaves open the possibility that Plaintiff may reopen or refile his complaints within the 30-day window from his adverse employment action. Plaintiff does not allege in his Complaint when he suffered any adverse employment action at issue, and thus the Court cannot determine whether OSHA's September 11 letter administratively closing his complaints effectively barred Plaintiff from obtaining the relief requested in his complaints or whether Plaintiff would have been able to refile his complaints within the 30-day time limit. Rather, it appears Plaintiff filed this instant action seeking injunctive relief in "hopes that OSHA

will modify its behavior." *Id.* at 14. While the Court appreciates Plaintiff's frustration with OSHA's failure to acknowledge and respond to Plaintiff's efforts to communicate, as pleaded, the Complaint's allegations fail to demonstrate that OSHA's September 11 letter and administrative closure of Plaintiff's complaints was a final determination.

On the Court's own motion, Plaintiff will be given until **January 17, 2024,** to file an amended complaint alleging facts demonstrating that OSHA's action administratively closing his complaints on September 11, 2023, was a final action within the meaning of the APA. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, and any new allegations. Plaintiff is advised that any amended complaint he files will supersede, not supplement, his original Complaint.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff shall have until **January 17, 2024,** to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 17, 2024**: check for Plaintiff's amended complaint.

Dated this 18th day of December, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge